DANA H. ELKINS *vs.* ALBERT A. FELCH.

Middlesex. March 25, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Practice, Civil,* Exceptions. *Negligence,* In use of highway.

In an action for personal injuries sustained by reason of a collision of an automobile driven by the defendant with a milk wagon in which the plaintiff was driving, where it appeared that the plaintiff was in the exercise of due care and that the defendant was negligent and the defendant admitted that he was entirely at fault in regard to the collision, exceptions of the defendant were adjudged to have been intended for delay.

TORT for personal injuries sustained by reason of a collision of an automobile driven by the defendant with a milk wagon in which the plaintiff was driving. Writ dated January 10, 1911.

In the Superior Court the case was tried before *Hitchcock,* J. The facts which appeared in evidence and the admissions of the defendant are stated in the opinion. The defendant asked the judge to rule that upon all the evidence as a matter of law the plaintiff could not recover. The judge refused to make this ruling and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,400. The defendant alleged exceptions.

*W. R. Bigelow,* for the defendant.

*E. L. McManus,* for the plaintiff, was not called upon.

DeCourcy, J.   The uncontradicted testimony tended to prove these facts: On June 9, 1910, at about 7.30 A. M., the plaintiff was carefully driving a horse attached to a covered milk wagon on the right hand side of North Main Street in Natick, and was within four feet of the sidewalk.   There was no vehicle or obstruction ahead or on his left, and the travelled roadway was forty feet in width.   The defendant, driving an automobile in the same direction, attempted to pass to the left of the wagon and ran the forward right spring of the machine into the left rear wheel of the wagon.   As a result the wagon was driven into some trees, the horse broke away and the plaintiff was thrown to the ground and injured.   In conversation with others and in his own testimony at the trial, the defendant admitted that he was entirely at fault for the collision.   This testimony was in no wise controlled by the meagre evidence as to the horse's habits.

It appears that the exceptions are intended for delay.   Upon motion of the plaintiff, double costs are awarded and twelve per cent interest on the amount of the verdict from the time when the exceptions were allowed.

*Exceptions overruled.*